*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ERIC JAMES RICE,

Defendant-Appellant.

UNPUBLISHED
December 19, 2024
2:31 PM

No. 368870
Iosco Circuit Court
LC Nos. 2022-003389-FH
        2023-003574-FH

Before: N. P. HOOD, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Defendant appeals, by leave granted,[1] his sentences of eight months' incarceration for attempted witness bribing or intimidating, MCL 750.122(7)(a), and aggravated domestic violence, MCL 750.81a(2). Specifically, defendant challenges the trial court's imposition of a $500 fine as part of his attempted-bribery sentence. We affirm defendant's aggravated domestic violence sentence, vacate the portion of his attempted bribery sentence imposing the $500 fine, and remand to the trial court for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was arrested for domestic violence against the mother of his child. While that case was ongoing, defendant reached out to the victim's mother offering to pay the victim money if she withdrew her allegations against him. The victim reported defendant to the police, and defendant was charged with one count of bribing a witness under MCL 750.122. Subsequently, as part of a plea agreement, the prosecution filed an amended information adding the offense of attempted bribery of a witness. The prosecution also filed a plea agreement agreeing to dismiss Count 1 (bribery) in exchange for defendant's guilty plea to Count 2 (attempted bribery). Defendant pleaded guilty to the attempted bribing of a witness in exchange for dismissing the bribery count. The language for the two counts in the felony information was very similar.

---

[1] *People v Rice*, unpublished order of the Court of Appeals, entered January 11, 2024 (Docket No. 368870).

-1-

Relevant to this appeal, the maximum punishment listed for Count 1 was "4 years and/or $5,000.00[,]" and the maximum punishment listed for Count 2 was "2 years and/or $5,000.00." Defendant was sentenced and fined as noted. He now appeals.

## II. PRESERVATION AND STANDARD OF REVIEW

"A criminal defendant preserves an issue concerning the imposition of costs, fines, and assessments by objecting in the lower court." *People v Godfrey*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361770); slip op at 2. Defendant did not object to the imposition of the fine in the trial court. Therefore, this issue is unpreserved. *Id*. "Because this issue is unpreserved, our review is for plain error affecting substantial rights." *Id*. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. (quotation marks and citation omitted). "An error affects substantial rights when it affected the outcome of the lower court proceedings." *Id*. (quotation marks and citation omitted). "But, reversal is at the discretion of the appellate court." *Id*. Furthermore, "reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (quotation marks, brackets, and citation omitted).

This case also concerns the interpretation of court rules and statute, which we review de novo. *Id*. Court rules and statutes are interpreted in the same manner:

> The primary goal when interpreting a statute is to ascertain and facilitate the intent of the Legislature. Under the rules of statutory construction, the Legislature is presumed to have intended the meaning it plainly expressed. Where the language of a statute is clear, there is no need for interpretation and courts must apply the statute as written. [*Id*. (quotation marks, alteration, and citations omitted).]

## III. ANALYSIS

Defendant argues the trial court erred by imposing a $500 fine.[2] We agree.

"In Michigan, a court cannot impose penalties or costs in a criminal case unless specifically authorized by statute." *Godfrey*, ___ Mich App at ___; slip op at 2 (quotation marks and citation omitted). Defendant was initially charged with the offense of bribing a witness. MCL 750.122. The statute authorizes the following types of punishment:

> (7) A person who violates this section is guilty of a crime as follows:

> (a) Except as provided in subdivisions (b) and (c), the person is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $5,000.00, or both. [MCL 750.122(7)(a).]

---

[2] The prosecution did not file a brief on appeal.

The "or both" language in this statute allows a trial court to impose both a term of imprisonment and a fine. *Id*. But, because this offense was dismissed and was not the sentencing offense, this language is not controlling.

MCL 750.92 is Michigan's general attempt statute that sets forth the punishment for a conviction for the attempt to commit a crime. Relevant in this case, it provides:

> Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows:
>
> * * *
>
> 3. If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than 5 years, or imprisonment in the county jail or by fine, the offender convicted of such attempt shall be guilty of a misdemeanor, punishable by imprisonment in the state prison or reformatory not more than 2 years or in any county jail not more than 1 year or by a fine not to exceed 1,000 dollars; but in no case shall the imprisonment exceed ½ of the greatest punishment which might have been inflicted if the offense so attempted had been committed. [MCL 750.92(3).]

Under the plain terms of the statute, a defendant convicted of an attempt to commit an offense may be punished by "[1] imprisonment in the state prison or reformatory not more than 2 years *or* [2] in any county jail not more than 1 year *or* [3] by a fine not to exceed 1,000 dollars[.]" *Id*. (emphasis added). In other words, a defendant can be sentenced to incarceration or be ordered to pay a fine, but not both. This is in stark contrast to the broader range of sentencing options under MCL 750.122(7)(a), which provides for a term of imprisonment, or a fine, "or both." *Id*.

Here, defendant was sentenced for the offense of the attempted bribing of a witness. Yet, the trial court imposed a jail sentence and a $500 fine. We therefore conclude that the trial court lacked statutory authority to impose both a term of incarceration and a fine. *Godfrey*, ___ Mich App at ___; slip op at 2; MCL 750.92(3). Accordingly, we affirm defendant's aggravated domestic violence sentence, vacate the portion of his attempted bribery sentence imposing the $500 fine, and remand to the trial court for further proceedings.[3] We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Anica Letica

---

[3] Because we conclude the trial court lacked statutory authority to impose the fine, we need not address defendant's argument concerning whether any fine was contemplated by his plea agreement.